EDWARD SPARHAWK, Executor, *vs.* JAMES RUSSELL.

If a deceased debtor, whose estate has been represented to be insolvent, owed partnership and private debts, they are both alike to be paid ratably out of the common fund derived from his partnership and private property: And this rule applies when the surviving partner proves a claim against the deceased for money taken by him from the partnership fund, beyond his just share; although the surviving partner is insolvent, and his estate has been assigned under *St.* 1838, *c.* 163, and the partnership debts have been proved against his estate as well as against the estate of the deceased; and although the effect of the rule is to prevent the payment of the deceased partner's separate debts from his separate property, and also to leave the partnership debts unsatisfied.

THIS was an appeal, under the Rev. Sts. *c.* 68, § 8, from an allowance made to Thomas J. Whittemore by the commissioners of insolvency, appointed to receive and examine the claims of creditors against the estate of the appellant's testator, William Whittemore. After the entry of the appeal in this court, the estate of said Thomas J. was assigned to James Russell, under the insolvent law of 1838, and said Russell's

26 *

name was substituted, on the docket, for that of the original appellee.

The facts agreed on by the parties were these : William & Thomas J. Whittemore entered into partnership in 1821, and continued in business, as partners, till March 1838, when they became embarrassed and made an assignment of their joint and separate property for the benefit of their creditors. The business of the firm was continued by the assignees till March 1842, when, at the request of the creditors of the firm, as well as of the separate creditors of said William & Thomas J., the assigned property was reconveyed, by the assignees, to said William & Thomas J. In November 1842, said William died testate, and the appellant was duly appointed executor of his last will. Thereupon the said Thomas J. presented to said executor a claim against the estate of said William for a large amount, alleged to have been drawn out of the partnership concern by said William, beyond his just and proportionate share. The parties agreed upon a reference of this claim, and the referees made an award against said William's estate, for the sum of $1688·93, which award was presented to the commissioners of insolvency appointed to receive and examine the claims of creditors against his estate, and was by them allowed as a claim against his private estate.

On the 8th of July 1844, all the partnership and separate property of said Thomas J. was duly assigned to James Russell, under the insolvent act of 1838, to be distributed among said Thomas J.'s creditors and the creditors of the late firm of William & Thomas J. Whittemore. The claims against said firm, amounting to $20,000, have been proved and allowed by the commissioners of insolvency appointed to receive and examine the claims of creditors against said William, and also, by a master in chancery, against the estate of said Thomas J. If said award of $1688·93, in favor of said Thomas J. is to stand and be allowed as a claim against the separate estate of said William, then said William's separate estate will be insufficient to pay his separate debts ; otherwise, there may be

sufficient to pay those debts, but the partnership debts will remain unsatisfied. And if said claim is not to stand, and be allowed as a claim against the separate estate of said William, then the separate estate of said Thomas J. will be insufficient to pay his separate debts.

*Sparhawk*, for the appellant, cited Story on Part. §§ 363, 405, 406. *Pierce* v. *Jackson*, 6 Mass. 242. *Allen* v. *Wells*, 22 Pick. 450.

*J. Russell, pro se*, relied on *Wilby* v. *Phinney*, 15 Mass. 116.

HUBBARD, J. In the distribution of the estates of deceased insolvent persons, the only distinctions are in relation to debts to which a preference may be given by the laws of the United States, and to taxes and duties due to the Commonwealth. All other debts of whatsoever kind are to be paid ratably in proportion to their respective amounts. If the insolvent was a partner in some firm, at the time of his decease, and died in possession of both partnership estate and separate estate, and was indebted as a partner as well as on his private account, no difference is made in the distribution of his estate, by the payment of the separate debts from the separate estate, and of the partnership debts from the joint estate, and then by applying the surplus of one fund, (if there be a surplus) towards the liquidation of the debts payable out of the other fund ; but each claim is alike proveable as a debt due from the estate, and no distinction is made as to the origin of the debt, and no difference in the estate to be divided. This distinction as to the nature of the debts, whether joint or separate, and the distribution of estate when joint or separate, which is recognized and practised upon in the settlement of estates of living insolvents, is not recognized in the distribution of deceased estates. A partner, therefore, who has a claim against a deceased partner's estate, whether it arises from a private debt due to him, or is the result of a partnership balance, is equally entitled, with every other creditor, to prove his demand ; otherwise, he might be left without remedy. These principles were discussed and settled in the case of *Wilby* v. *Phinney*, 15 Mass. 116.

In the present case, the debt of Thomas J. Whittemore, the surviving partner, was duly proved, and was properly allowed by the commissioners; and it is of no legal consequence whether its allowance will render the separate estate of the deceased partner insufficient to pay his separate debts or not, if paid out of that fund, or that it will render the partnership estate insufficient to pay the partnership debts, in case it is charged upon the partnership fund ; the estate of the deceased partner, in the hands of his administrator, being equally liable for the payment of separate debts and joint debts, without reference to the nature of the estate from which such payments are to be made.

If Thomas J. Whittemore, the surviving partner, is solvent, then as he is liable for the partnership debts, the creditors of the firm cannot suffer from his receiving a proportional dividend on the debt due to him from the deceased partner.

On the other hand, as Thomas J. Whittemore is represented to be insolvent, and his estate has passed into the hands of Mr. Russell, as his assignee, the joint and separate creditors will not be without their appropriate remedy, if the money to be received by Mr. Russell shall be the proceeds of a partnership or private claim ; because the joint and separate creditors may, on petition, have the funds in the hands of the assignee apportioned agreeably to the statute, and the moneys received in this case will be the subject of adjustment under such petition ; so that the joint and separate creditors will receive their dividends according to the nature of the estate to be divided, as soon as their respective claims are ascertained.

*Allowance of the claim affirmed.*